Although eligible to be reinstated in New York, petitioner does not intend to practice in that state and has not sought reinstatement there.
Petitioner has been released from probation in the criminal matter in New York.
Petitioner was a member of the New York bar from 1988 until her suspension and was admitted to practice in Vermont in 2006.
Petitioner had strong legal research and writing skills and was considered a competent attorney willing to take extra steps to help those in need prior to her suspension.
By all accounts, petitioner took her suspension seriously and complied with its terms in New York and in Vermont.
Petitioner closed down her practices in New York and in Vermont and has not met with clients or provided legal advice since the suspension.
Petitioner is remorseful and recognizes the mistakes she made leading to her suspension, acknowledges the repercussions of her actions and acknowledges that she is accountable for those actions.
Petitioner has a strong support group which has helped her to learn from this experience and to move forward.
Petitioner has continued her community volunteer activities, has been well accepted by the community in which she lives and works and if reinstated intends to provide legal services primarily in the area of domestic violence.
Since her suspension, petitioner has attended continuing legal education courses including courses in ethics and kept up her legal skills.
No evidence was presented that petitioner's resumption of the practice of law will be detrimental to the integrity and standing of the bar or to the administration of justice nor subversive of the public interest.
Conclusion
Therefore the hearing panel finds by clear and convincing evidence that petitioner has met the requirements for readmission as set forth in Rule 22(D) of A.O. 9.
Based on the evidence presented, the panel finds that petitioner has the moral qualifications and competency and learning required for admission to practice in the state of Vermont, that she has been rehabilitated, and that her resumption of the practice of law will be neither detrimental to the integrity and standing of the bar or the administration of justice nor will her resumption of the practice of law be subversive of the public interest.
Recommendation
Based upon the foregoing, the hearing panel recommends to the Supreme Court that the petitioner, Katherine Z. Pope, be reinstated to the practice of law in the state of Vermont.